UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ELIOT F. BLOOM,

                              Plaintiff,                              REPORT AND
                                                                           RECOMMENDATION

        -against-                                                                      CV 09-4701 (SJF)(ETB)

C. BLAINE MORLEY,

                                Defendant.
-----------------------------------------------------------------------X

TO THE HONORABLE SANDRA J. FEUERSTEIN, United States District Judge:

Before the Court is the defendant's motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff opposes the motion on the grounds that the defendant has sufficient contacts with the state of New York to establish long-arm jurisdiction. For the following reasons, I recommend that defendant's motion be granted and that this action be dismissed.

## FACTS

The plaintiff, Eliot F. Bloom, is an attorney licensed to practice in New York and maintains an office in Mineola, New York. (Compl. ¶ 3.) The defendant, C. Blaine Morley, is also an attorney, who is licensed to practice in California and whose residence and office are located in Oregon. (Compl. ¶ 4; Morley Aff. ¶ 3.) Defendant is not licensed to practice law in New York. (Morley Aff. ¶ 7.)

For approximately three years prior to the commencement of this action, plaintiff was

legal counsel for Russell Lugli ("Lugli"), a California domiciliary, and Northwestern Consultants, Inc. ("NWC"), a Nevada corporation of which Lugli was the president. (Morley Aff. ¶ 1.) As part of his legal duties, plaintiff represented Lugli and NWC in the acquisition of real property located in Bayshore, New York (the "Bayshore property"), and plaintiff and NWC entered into a joint business venture with respect to the development of the property. (Morley Aff. ¶¶ 2, 6.) Defendant is also counsel for Lugli, serving as General Counsel to Lugli and his corporate entities for approximately forty years. (Morley Aff. ¶ 3.)

In or about May 2009, the defendant was retained by Lugli and NWC to investigate certain transactions between NWC and the plaintiff, including the purchase of the Bayshore property.[1] (Morley Aff. ¶ 6.) As part of that investigation, defendant made a demand on plaintiff for an accounting of all moneys given to him by NWC. (Morely Aff. ¶ 6 and Ex. C, annexed thereto.) Correspondence by email ensued between the plaintiff and the defendant and on June 15, 2009, the defendant sent an email from his office in Oregon to plaintiff at his office in New York, stating that plaintiff "acted in a fiduciary capacity to [NWC] and Lugli" and that plaintiff "totally failed to protect their interest and [has] hidden from them the use and disbursement of money that [plaintiff] represented was required to purchase the [Bayshore] property and was disbursed to [plaintiff] based on that representation." (Compl. ¶ 4.) A courtesy copy of the email was also sent to Lugli, who received and read the email in California. (Compl. ¶ 10; Morley Aff. ¶ 5.)

Plaintiff alleges that the statements contained in the email were false and caused prejudice

---

[1] Defendant's investigation of plaintiff resulted in litigation being filed in California by NWC against plaintiff. (Morley Reply Aff. 2.)

to plaintiff's professional reputation, constituting defamation. (Compl. ¶ 7.) Plaintiff further alleges that in reliance on the defamatory statements, Lugli and NWC commenced litigation against him regarding their joint business venture with respect to the Bayshore property and refused to continue to pursue the joint business venture due to the statements made by defendant. (Compl. ¶ 11.)

Defendant now moves to dismiss the within action on the grounds that the Court lacks personal jurisdiction over him. In opposition, plaintiff asserts that defendant transacted business in New York, therefore subjecting him to the Court's long-arm jurisdiction.

## Discussion

I.  Legal Standard

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. See Villanova v. Harbilas, No. 08 Civ. 10448, 2010 U.S. Dist. LEXIS 37797, at *6 (S.D.N.Y. Apr. 12, 2010) (citing In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam)); Weil v. American Univ., No. 07 Civ. 7748, 2008 U.S. Dist. LEXIS 1727, at *6-7 (S.D.N.Y. Jan. 2, 2008). Where, as here, the Court is only considering the pleadings and affidavits on the motion to dismiss, "the plaintiff need only make a prima facie showing" that jurisdiction exists. Villanova, 2010 U.S. Dist. LEXIS 37797, at *6 (quoting CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 364 (2d Cir. 1986)); see also O'Keefe v. Blue & Gold Fleet L.P., 634 F. Supp. 2d 284, 285 (E.D.N.Y. 2009). In addition, the Court "must construe all of the allegations in the light most favorable to the plaintiff, and the plaintiff need only plead good faith allegations of fact

that, if credited, would support jurisdiction over the defendant." O'Keefe, 634 F. Supp. 2d at 285 (citing Witaker v. Am. Telecasting, Inc., 261 F.3d 491, 495 (2d Cir. 2001)). In deciding a motion to dismiss for lack of personal jurisdiction, a court may rely upon materials outside of the pleadings. See Villanova, 2010 U.S. Dist. LEXIS, at *6-7; Weil, 2008 U.S. Dist. LEXIS 1727, at *7.

"The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located." O'Keefe, 634 F. Supp. 2d at 286 (quoting Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006)) (additional citation omitted); see also Villanova, 2010 U.S. Dist. LEXIS 37797, at *7 ("Personal jurisdiction may be exercised over any defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district courts is located."). Here, the Court must look to New York's long-arm statute, N.Y. C.P.L.R. 302(a), to determine whether the defendant, a resident of Oregon, is subject to personal jurisdiction in New York. See O'Keefe, 634 F. Supp. 2d at 286 (citing Whitaker, 261 F.3d at 209) (additional citation omitted). "If the exercise of jurisdiction is appropriate under [New York's long-arm statute], the court must decide whether such exercise comports with the requisites of due process." O'Keefe, 634 F. Supp. 2d at 286 (quoting Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997)) (alteration in original); see also Villanova, 2010 U.S. Dist. LEXIS 37797, at *7 ("If plaintiff is able to establish a factual predicate for jurisdiction under the laws of the forum state . . . then the court must consider whether the exercise of jurisdiction violates due process."). Where the plaintiff fails to establish a basis for asserting jurisdiction over the defendant, however, the Court need not engage in the constitutional analysis. See O'Keefe, 634 F. Supp. 2d at 286 (citing Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d

Cir. 2007)).

II.	New York's Long-Arm Statute

New York's long-arm statute, which provides jurisdiction over non-domiciliaries, provides that a court may exercise personal jurisdiction over any non-domiciliary who:

> 1.	transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2.	commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3.	commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4.	owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. 302(a).

It is undisputed that the defendant does not own any property in the state of New York. (Morley Aff. ¶ 7.) Therefore, C.P.L.R. 302(a)(4) is inapplicable as a basis for jurisdiction. In addition, since the sole cause of action alleged in the Complaint herein is for defamation, the express language of the long-arm statute precludes C.P.L.R. 302(a)(2) and (a)(3) from conferring a basis for jurisdiction over the defendant. Accordingly, the only basis by which the Court may find jurisdiction over the defendant is C.P.L.R. 302(a)(1), which requires defendant to have transacted business within the state of New York.

III.    The Transacting Business Test

Pursuant to C.P.L.R. 302(a)(1), a non-domiciliary "transacts business" for purposes of long-arm jurisdiction when he "purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefit and protections of its laws." Cutco Indus., 806 F.2d at 365 (quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382 (1967)); see also Best Van Lines, 490 F.3d at 246. "Courts look to 'the totality of the defendant's activities within the forum,' . . . to determine whether a defendant has 'transact[ed] business' in such a way that it constitutes 'purposeful activity . . . .'" Best Van Lines, 490 F.3d at 246 (quoting Sterling Nat'l Bank & Trust Co. of N.Y. v. Fidelity Mortgage Investors, 510 F.2d 870, 873 (2d Cir. 1975)) (alteration in original); see also Morsy v. Pal-Tech, Inc., No. 07 Civ. 2143, 2008 U.S. Dist. LEXIS 59804, at *12 (S.D.N.Y. Aug. 7, 2008) ("Courts look to the totality of the circumstances to determine whether the defendant has engaged in such purposeful activity . . . ."). In addition, courts "require a 'substantial nexus' between the business transacted and the cause of action sued upon." Morsy, 2008 U.S. Dist. LEXIS 59804, at *12 (quoting Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 31 (2d Cir. 1996)); see also Best Van Lines, 490 F.3d at 246 ("[A] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York."). "[P]roof of one transaction in New York is sufficient to confer jurisdiction [over a nonresident] as long as the activities of the defendant in question were purposeful and there is a substantial relationship between the transaction and the claim asserted." Weil, 2008 U.S. Dist. LEXIS 1727, at *17 (quoting Staten Island Hosp. v. Alliance Brokerage Corp. 560 N.Y.S.2d 859, 861 (2d Dep't 1990)) (second alteration in original).

-6-

With respect to suits based on defamation, such as the one herein, "New York courts construe 'transacts any business within the state' more narrowly . . . than they do in the context of other sorts of litigation." Morsy, 2008 U.S. Dist. LEXIS 59804, at *12 (quoting Best Van Lines, 490 F.3d at 248). For example, "New York courts do not interpret 'transact[ing] business' to include mere defamatory utterances sent into the state." Weil, 2008 U.S. Dist. LEXIS 1727, at *17 (quotation omitted) (alteration in original); see also Best Van Lines, 490 F.3d at 248 ("In defamation cases, . . . the 'single act' of uttering a defamation, no matter how loudly, is not a 'transact[ion of] business' that may provide the foundation for personal jurisdiction."). Rather, "when the defamatory publication itself constitutes the alleged 'transact[ion of] business' for the purposes of section 302(a)(1), more than the distribution of a libelous statement must be made within the state to establish long-arm jurisdiction over the person distributing it." Best Van Lines, 490 F.3d at 248 (alteration in original); Weil, 2008 U.S. Dist. LEXIS 1727, at *17 (same).

Here, plaintiff alleges that jurisdiction over the defendant is proper because defendant was an "active participant" in the acquisition of the Bayshore property by his clients, Lugli and NWC. (Bloom Aff'n in Opp'n 5.) According to plaintiff, the defendant "has represented Lugli and NW[C] since March, 2009 in connection with their purchase, management and attempted sale or development of the [Bayshore] property." (Bloom Aff'n in Opp'n 5.) As part of that representation, defendant corresponded and conversed by telephone with Town of Islip employees as well as the plaintiff on a handful of occasions, all from the state of Oregon. (Bloom Aff'n in Opp'n, Ex. A-D.)

Such correspondence by the defendant is insufficient to establish personal jurisdiction over him. "Courts in New York generally do not consider sending letters into the state, without

more, sufficient to qualify as a business transaction under § 302(a)(1)." Morsy, 2008 U.S. Dist. LEXIS 59804, at *12-13 (citing Best Van Lines, 490 F.3d at 248 n.11) (additional citations omitted). In addition, "[j]urisdiction can rarely be based solely on defendant's telephone calls into New York." Whitaker v. Fresno Telestat, Inc., 87 F. Supp. 2d 227, 230 (S.D.N.Y. 1999) (citation omitted). "Only 'if the purpose of the calls is for the defendant to actively participate in business in New York, [can] they alone . . . support a finding of New York long arm jurisdiction under C.P.L.R. § 302(a)(1).'" Whitaker, 87 F. Supp. 2d at 230 (quoting Carlson v. Cuevas, 932 F. Supp. 76, 78 (S.D.N.Y. 1996)) (alteration in original). Such is not the case herein.

Defendant was retained by Lugli and NWC to investigate certain business transactions with the plaintiff, including the purchase of the Bayshore property. However, defendant was not involved in the acquisition of the property. Rather, his role appears to have begun after the property was purchased and problems arose between Lugli, NWC and plaintiff with respect to the development of the property. To find long-arm jurisdiction under C.P.L.R. 302(a)(1), "there must be some transaction attributable to [the defendant] which occurs in New York." Penn Group, LLC v. Slater, No. 07 Civ. 729, 2007 U.S. Dist. LEXIS 50651, at *30 (S.D.N.Y. June 13, 2007) (quoting Ferrante Equip. Co. v. Lasker-Goldman Corp., 26 N.Y.2d 280, 284 (1970)). While there is no doubt that Lugli and NWC transacted business in New York, the same cannot be said for the defendant.

There has been no evidence submitted from which the Court could conclude that the defendant actively participated in the acquisition of the Bayshore property. Rather, the only evidence offered by the plaintiff are four emails written by the defendant. The first, addressed to a Town of Islip employee, dated May 7, 2009, appears to be a response to questions the Town

had about the Bayshore property. (Bloom Aff'n in Opp'n, Ex. D.) The second, also dated May 7, 2009, is addressed to plaintiff and inquires as to what issues exist with the Bayshore property and what can be done to remedy them so that the development project could go forward. (Bloom Aff'n in Opp'n, Ex. C.) The third is the alleged defamatory email upon which plaintiff bases this litigation, in which the defendant, on behalf of Lugli and NWC, demands an accounting from Bloom for monies expended to him by NWC and questions whether the taxes on the Bayshore property have been paid. (Bloom Aff'n in Opp'n, Ex. B.) Finally, the fourth email, addressed to certain Town of Islip employees and dated August 6, 2009, provides a change of address notice to the Town with respect to any communications regarding the Bayshore property. (Bloom Aff'n in Opp'n, Ex. A.) None of the foregoing "contacts," even when viewed in their totality, are sufficient to confer jurisdiction over the defendant. See, e.g., Penn Group, 2007 U.S. Dist. LEXIS 50651, at * 38 (finding a "handful of wire communication" from an out-of-state attorney on behalf of his client to a plaintiff in New York insufficient to trigger a finding of jurisdiction); E-Z Bowz, LLC v. Professional Prod. Research Co., No. 00 Civ. 8670, 2003 U.S. Dist. LEXIS 15256, at *24 (S.D.N.Y. Sept. 5, 2003) (finding that an out-of-state attorney's appearance and representation in New York litigation on behalf of his client "by itself does not constitute the 'transaction of business' within the meaning of the statute"); BHC Interim Funding, LP v. Bracewell & Patterson, LLP, No. 02 Civ. 4695, 2003 U.S. Dist. LEXIS 10739, at *13-14 (S.D.N.Y. June 24, 2003) (finding no jurisdiction where there was "no allegation of participation by [out-of-state counsel] in closing or other activities in New York"); Economic Studies, Inc. v. Giffin, No. 92 Civ. 3290, 1993 U.S. Dist. LEXIS 17630, at *15-16 (S.D.N.Y Dec. 16, 1993) (finding no jurisdiction where the contract in dispute had been negotiated and formalized prior to

the out-of-state attorney's representation of his client).

Plaintiff bases his opposition to the within motion on a recent New York Appellate Division case, Fischbarg v. Doucet, 832 N.Y.S.2d 164 (1st Dep't 2007), in which the court found personal jurisdiction over a defendant who was a domiciliary of California. In Fischbarg, the plaintiff, an attorney who resided and worked in New York, was retained by the defendants, a resident of California and the corporation in which defendant was president, via telephone, to research and pursue possible copyright infringement claims that the defendant corporation may have had against a third party. See id. at 165. After a fee dispute, defendants discharged plaintiff from his representation. See id. at 166. Plaintiff thereafter brought an action in New York to recover his unpaid legal fees. See id. In finding personal jurisdiction over the defendants, the court held that by seeking out plaintiff in New York, for purposes of retaining him, the defendants had "projected themselves" into New York "by calling plaintiff, who did not know them, consulting him, writing to him, sending him voluminous documents, and then retaining him as their lawyer." Id. at 168-69.

Fischbarg is inapposite to the facts of the instant case. Fischbarg involved an out-of-state client retaining a New York attorney. Here, however, plaintiff was not retained by the defendant. Nor did he perform any work on defendant's behalf, or vice versa. Rather, the interaction and communications between the two were solely on behalf of defendant's clients, Lugli and NWC, who had retained the defendant to investigate certain business transactions with the plaintiff. By contacting plaintiff for information on behalf of his clients, defendant did not "project himself" into New York or transact business here in any way. Rather, he was simply attempting to ascertain information on behalf of his clients. This is entirely different from the facts of

Fischbarg.

As stated supra, the defendant herein does not reside in New York. Nor does he maintain an office in New York and, in fact, is not licensed to practice law in New York. Defendant's only contact with the forum consists of a handful of emails and telephone calls in connection with his investigation of the plaintiff on behalf of his clients, Lugli and NWC. "New York courts have cautioned . . . that defendants, as a rule, should be subject to suit where they are normally found . . . or where they conduct substantial business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact." E-Z Bowz, 2003 U.S. Dist. LEXIS 15256, at *20 (quotation omitted). This is not such a case.

Based on the foregoing, I recommend that defendant's motion to dismiss for lack of personal jurisdiction be granted.

## RECOMMENDATION

For the foregoing reasons, I recommend that defendant's motion to dismiss for lack of personal jurisdiction be granted and that this action be dismissed in its entirety.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968

F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
       May 5, 2010

                                           /s/ E. Thomas Boyle
                                           E. THOMAS BOYLE
                                           United States Magistrate Judge