UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ELIOT F. BLOOM,

                Plaintiff,              CV-09-4701 (SJF)(ETB)

-against-

C. BLAINE MORLEY,                      **ORDER**

                Defendant.
---------------------------------------------------------X
FEUERSTEIN, J.

Before the Court are objections by plaintiff Eliot F. Bloom ("plaintiff") to a Report and Recommendation of United States Magistrate Judge E. Thomas Boyle dated May 5, 2010 ("the Report") recommending that the motion of defendant C. Blaine Morley ("defendant") to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure be granted and that this action be dismissed.[1] In the alternative, plaintiff requests a hearing on the jurisdictional issue. For the reasons stated herein, the Report of Magistrate Judge Boyle is accepted in its entirety.

I.      Standard of Review

---

[1] Following issuance of the Report, plaintiff moved for a hearing or extension of time to file objections to the Report. By order dated May 28, 2010, plaintiff's application was granted to the extent of extending his time to file objections to the Report until June 11, 2010. At a status conference held before me on June 23, 2010, plaintiff represented that his objections to the Report would be based upon "newly found facts" that were not before Magistrate Judge Boyle. Accordingly, I afforded plaintiff an additional five (5) days to submit affidavits and the alleged "new" evidence on the issue of personal jurisdiction. Plaintiff filed his objections, with certain documentation, by letter dated June 28, 2010. Plaintiff also filed "supplemental information" by letter dated July 7, 2010. Defense counsel filed a response to plaintiff's documents by letter dated July 8, 2010.

1

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II.     Objections/Additional Documentation

Plaintiff contends that Magistrate Judge Boyle erred, *inter alia*, in finding that "Defendant was retained by [Russell V.] Lugli[2] in May, 2009 in connection with the Northwestern [Consultants, Inc.] property dispute matter," and that "Defendant was retained after the [Bayshore] property was purchased and problems arose between Defendant, Lugli and [plaintiff]." (Plaintiff's Letter dated June 28, 2010 [Plf. Obj], pp. 1-2). According to plaintiff, "Defendant had been involved with transactions involving Northwestern since at least 2008," and was "involve[d] and participat[ed]

---

[2] It is undisputed that Russell Lugli ("Lugli") is the president of Northwestern Consultants, Inc. ("Northwestern").

in Northwestern-related issues and events since at least April, 2008." (Plf. Obj., p. 2). In addition, plaintiff contends that defendant was "active[ly] involve[d] in New York litigation and legal issues involving Lugli * * * prior to June, 2009, the period in which Defendant made the defamatory comments at issue in the case at bar." (Id.)

Plaintiff further contends that a "business relationship [existed] between Defendant and Lugli for purposes of multi-forum litigation * * *," whereby defendant and Lugli, "under the guise of Featured Realty, Inc.," commenced "a number of other actions" in other courts throughout the United States and then commenced legal malpractice actions against the attorneys who represented them in those actions. (Id.) Plaintiff alleges that those other actions are "striking[ly] similar[]" to this case, wherein defendant attempted to replace plaintiff as counsel for Northwestern with respect to the Bayshore property at issue. (Plf. Obj., pp. 2-3).

Plaintiff also contends that Magistrate Judge Boyle erred in relying on defendant's affidavit in support of his motion to dismiss since defendant "lack[s] credibility," insofar as, *inter alia*, he "has practiced law in the State of New York without a license and is currently being investigated by the Oregon State Bar" for allegedly practicing law in that state without a license.[3] (Plf. Obj., p. 3). According to plaintiff, I should reject Magistrate Judge Boyle's Report and deny defendant's motion to dismiss since defendant was involved "in all aspects of Lugli's corporate dealings, employ[ed] a virtual office[4] for his own protection, purposeful[ly] interject[ed] [himself] in[to] states in which he

---

[3] It is undisputed that defendant is only licensed to practice law in the State of California, and that he resides and maintains an office in Portland, Oregon.

[4] Plaintiff refers to defendant's office in Oregon as a "virtual office" because defendant is not licensed to practice law in Oregon. (Plaintiff's Letter to the Court dated July 7, 2010 [Plf. Supp. Obj.], p. 1). Plaintiff contends that Magistrate Judge Boyle erred in finding that defendant "maintains a legitimate office in Oregon where the majority of his business occurs." (Id.) According to plaintiff, "through the use of a 'virtual' office, Defendant conducts business anywhere that the internet is accessible, including the State of New York." (Id.)

3

is not admitted, and repeated[ly] use[d] the legal system as an avenue to further his and Lugli's business strategy." (Id.)

The "new" evidence submitted by plaintiff in support of his objections consists of the following: (1) defendant's affidavit in support of his motion to dismiss dated January 7, 2010, with attached exhibits A through C, (Plf. Obj., Ex. A); (2) copies of emails (a) between defendant and plaintiff, with courtesy copies to Lugli, dated May 12, 2009, (Plf. Obj., Ex. B), and (b) from defendant to a Harry Feingold, with a courtesy copy to plaintiff, dated November 12, 2008, pertaining to a case commenced by Lugli against Robert Sucarato in the Supreme Court of the State of New York, County of New York ("the Sucarato action"), (Plf. Obj., Ex. C); (3) two pages from a respondent's brief filed in an appeal commenced in the Court of Appeals for the State of Washington, Division III, in an action entitled Feature Realty, Inc. v. Preseton, Gates & Ellis LLP, (Plf. Obj., Ex. D), which was decided in December 2006, (Plf. Obj., p. 2); (4) and letters from plaintiff to (a) the Oregon State Bar and (b) the Suffolk County district attorney pertaining to defendant's alleged unlawful practice of law in the State of New York. Clearly, the first document, Exhibit A, was before Magistrate Judge Boyle on defendant's motion to dismiss. Moreover, the e-mails contained in Exhibits B and C existed prior to defendant's motion to dismiss and were sent, and thus available, to plaintiff to be submitted in opposition to the motion. Accordingly, the e-mails are not "newly found" evidence, as represented by plaintiff. The respondent's brief filed in Washington also existed prior to defendant's motion to dismiss and, thus, with due diligence could have been found and submitted in opposition to the motion. In addition, it is incomplete and of no probative value. The remaining documents comprising Exhibit D were created by plaintiff and consist only of his allegations that defendant unlawfully practiced law in the State of New York and his interpretation of certain documents allegedly supporting his allegations. Moreover, there is no

proof that plaintiff ever sent the letter to the Suffolk County district attorney. Therefore, those documents also are of no probative value. Plaintiff has submitted no evidence warranting a hearing on the issue of personal jurisdiction over defendant.

Upon *de novo* review of the Report and consideration of plaintiff's objections, with attached documentation, and defendant's response thereto, the objections are overruled and the Report is accepted in its entirety. Plaintiff's alternative request for a hearing is denied.

III. Conclusion

Upon *de novo* review of the Report, plaintiff's objections are overruled and the Report is accepted in its entirety. Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is granted and this action is dismissed in its entirety without prejudice to refiling in a court of competent jurisdiction. The Clerk of the Court is directed to enter judgment in favor of defendant and to close this case.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 30, 2010
Central Islip, New York